FILED

SEP 0 5 2002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CIV02-4192

CLERK

| | |
|---|---|
| TERRI LOVAAS,<br>    Plaintiff, | |
| vs. | |
| HOUSEHOLD AUTOMOTIVE FINANCE,<br>JAMES DAY D/B/A Dakota Adjusters,<br>LEROY BINGEN,<br>JAMES CLAASSEN,<br>THE CITY OF SIOUX FALLS<br>    Defendants. | COMPLAINT |

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal claim under 28 USC Sec. 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second and third claims which are based on state law, under 28 USC Sec. 1367. Venue in the United States District Court for the District of South Dakota, Southern Division, is proper pursuant to 28 USC Sec. 1391.

## PARTIES

2. Plaintiff, Terri Lovaas, is an individual who resides at 1110 North Main Avenue in Sioux Falls, Minnehaha County, South Dakota.

3. Defendant, Household Automotive Finance is a company engaged in the business of financing motor vehicles and has its principal place of business in San Diego, California. It acted in concert with the other Defendants in the wrongful taking of the Plaintiff's vehicle.

4. Defendant, James Day, D/B/A Dakota Adjusters, is an independent contractor acting as an agent for Defendant, Household Automotive Finance. At all

Defendant Household Automotive Finance and in concert with the other Defendants.

5. Defendants, Jim Claassen and LeRoy Bingen, are police officers employed by the City of Sioux Falls. At all times relevant hereto they acted in concert with the other Defendants and under color of state law. They are sued both in their official and individual capacities.

6. Defendant, the City of Sioux Falls is the local government unit for which the Defendants Claassen and Bingen worked at all times relevant hereto.

## FACTS

7. On or about August 17, 2001, Plaintiff purchased a 1998 Plymouth Breeze automobile for personal and family use from the Dan Nelson Auto Center in Sioux Falls, South Dakota. Plaintiff financed this purchase through Defendant Household Automotive Finance. As a result of this transaction, Plaintiff became the owner of the vehicle and Defendant Household Automotive Finance acquired a security interest in the vehicle.

8. Subsequently, the Plaintiff became delinquent in the monthly payments on the car loan. On March 10, 2002, Plaintiff made arrangements with a woman named "Cheryl" to bring her payments current on the loan. The agreement was for the Plaintiff to pay $361.00 to Household Automotive Finance on or before March 20, 2002; make a regular payment of $285.00 on or before April 1, 2002 and then pay an additional $361.00 on or before the end of April, 2002.

9. On or about March 12, 2002 at approximately 8:30 AM, Defendant James Day went to Plaintiff's home at 1110 North Main Avenue in response to a request from Defendant Household Automotive Finance to repossess Plaintiff's vehicle. In doing so, Defendant James Day entered the Plaintiff's garage, which is attached to Plaintiff's residence.

10. Plaintiff refused to allow Defendant James Day to repossess the vehicle, informing him that she had made arrangements to bring her payments current and offered to contact Defendant Household Automotive Finance to verify this.

11. Plaintiff did, in fact, contact Household Automotive Finance and asked Defendant James Day to speak with them, which he refused and also refused to leave the Plaintiff's garage. Plaintiff then contacted the Sioux Falls Police Department who sent Defendant Officers Claassen and Bingen to her address.

12. Officers Claassen and Bingen arrived in uniform and in a squad car and parked in the street in front of the Plaintiff's home. Plaintiff explained to Defendants Claassen and Bingen that she wanted Defendant James Day to leave her property because he was trespassing. Plaintiff also explained to Defendants Claassen and Bingen that she had made arrangements with Defendant Household Automotive Finance to bring her payments current but that Defendant James Day refused to speak with representatives from Defendant Household Automotive Finance.

13. Defendant Officers Claassen and Bingen searched the Plaintiff's vehicle without her permission and then spoke with Defendant James Day. They then

informed the Plaintiff that Defendant James Day had the right to repossess the vehicle and that if the Plaintiff did not remove her personal property from the vehicle, they would allow Defendant James Day to repossess the vehicle with her personal property in it. Defendant James Day did not have a Court Order permitting repossession.

14. Plaintiff felt physically intimidated by the presence of Defendant Officers Claassen and Bingen and would have resisted Defendant James Day's attempt to repossess her vehicle if Defendant Officers Claassen and Bingen had not been present. Instead, because of her feelings of intimidation, Plaintiff allowed Defendant James Day to repossess her vehicle from her residence with Defendant Officers Claassen and Bingen present.

15. None of the Defendants afforded Plaintiff an opportunity to be heard prior to the repossession of the vehicle. The seizure of Plaintiff's vehicle was unreasonable.

16. Defendant James Day succeeded in taking Plaintiff's vehicle in the presence of and with the active cooperation of Defendant Officers Claassen and Bingen.

17. As an approximate result of Defendants' actions, Plaintiff has been deprived of her vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety and mental distress.

### FIRST CLAIM
### (42 USC Sec. 1983 – AGAINST ALL DEFENDANTS)

18. Plaintiff incorporates the proceeding paragraphs by references if fully rewritten herein.

19. Defendants at all times relevant to this action were acting under color of state law.

20. Defendants Household Automotive Finance, James Day, and Officers Claassen and Bingen deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

21. Defendants Household Automotive Finance, James Day, and Officers Claassen and Bingen, made an unreasonable and warrantless search of Plaintiff's personal property in violation of the Fourth Amendment of the Constitution of the United States as incorporated and implied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

22. At all times relevant hereto, Defendant Officers Claassen and Bingen acted pursuant to a policy or custom of Defendant City of Sioux Falls assisting creditors in depriving debtors of personal property without Court Order and without providing an opportunity for debtor to be heard.

23. The Defendant City of Sioux Falls failed to adopt clear policies and failed to properly train its officers as to the proper role of officers in private disputes such as repossession.

24. Defendant City of Sioux Falls policy or custom in its failure to adopt clear policies and failure to properly train its officers, were direct and proximate cause of the constitutional deprivation suffered by the Plaintiff.

**SECOND CLAIM**
**(CONVERSION – AGAINST DEFENDANTS HOUSEHOLD AUTOMOTIVE FINANCE AND JAMES DAY)**

25. Plaintiff hereby incorporates the proceeding allegations as if fully rewritten herein.

26. Against Plaintiff's consent, Defendants intentionally deprived Plaintiff of her rightful possession of her vehicle.

27. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

### THIRD CLAIM
### (VIOLATION OF SDCL 57A-9-609 AND 57A-9-625 – AGAINST DEFENDANT HOUSEHOLD AUTOMOTIVE FINANCE)

28. Plaintiff hereby incorporates the proceeding allegations as if fully rewritten herein.

29. Defendant Household Automotive Finance's manner of repossessing the vehicle was in breach of the peace and in violation of SDCL 57A-9-609.

30. Defendant Household Automotive Finance's actions were the proximate cause of the damages alleged by the Plaintiff in the proceeding paragraphs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. On her first claim, a judgment for compensatory damages in the amount to be determined at trial, plus reasonable attorney's fees pursuant to 42 USC Sec. 1988 against all Defendants;

2. On her second claim, a judgment for compensatory and punitive damages in the amount to be determined at trial, against Defendants Household Automotive Finance and James Day;

3. On her third claim, a judgment for compensatory damages with a minimum amount pursuant to SDCL 27A-9-625 of the finance charge plus 10% of the principal amount of the debt against Defendant Household Automotive Finance;

4. An award of costs and expenses against the Defendants;

5. Any and all other relief this Court may deem appropriate.

Dated this ___ day of August, 2002 at Sioux Falls, South Dakota.

Doug Cummings
Attorney for Plaintiff
335 N Main Ave Suite 300
Sioux Falls, SD 57104-6038
(605) 336-9230
(605) 336-6919 (fax)

Mark V. Meirhenry
Attorney for Plaintiff
315 S Phillips Ave
Sioux Falls, SD 57104
(605) 336-3075

Clint Lee Sargent
Attorney for Plaintiff
315 S Phillips Ave
Sioux Falls, SD 57104
(605) 336-3075